**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerard MGRDICHIAN, aka Buddy, Defendant—Appellant.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**United States of America, Plaintiff—Appellee,**

v.

**Joanne Mgrdichian, Defendant— Appellant.**

**Nos. 01–50656, 01–50657. D.C. Nos. CR–00–00589–LGB– 02, CR–00–00589–LGB–04.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided March 13, 2003.

Before PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM **

1. The district court did not err when it denied defendants' proposed reasonable repair instruction, since that affirmative defense was not fairly raised by the evidence presented at trial. *See United States v. Wofford,* 122 F.3d 787, 789 (9th Cir.1997).

2. The district court's special instruction regarding the inapplicability of the statutory exceptions did not prejudice Gerard Mgrdichian's defense when considered in light of the remaining instructions given. *See United States v. Stapleton,* 293 F.3d 1111, 1114 (9th Cir.2002).

3. Since there was no instructional error, Gerard Mgrdichian's cumulative error ar-

gument fails. *See United States v. Romero*, 282 F.3d 683, 690 (9th Cir.2002).

4. There was sufficient evidence to sustain Gerard Mgrdichian's conviction for violations of 18 U.S.C. § 511(a) because, "viewing the evidence in the light most favorable to the prosecution," a reasonable juror "could have found beyond a reasonable doubt" that he tampered with VIN numbers. *See United States v. Garcia–Paz*, 282 F.3d 1212, 1217 (9th Cir.2002) (citation omitted).

5. There was sufficient proof of Joanne Mgrdichian's connection to the underlying conspiracy because her successful registration of the stolen motorcycles was an integral part of the VIN-tampering scheme. *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir.2000) (requiring only a "slight connection ... with the conspiracy") (citation omitted).

6. The district court properly admitted evidence pursuant to Federal Rule of Evidence 404(b) of Joanne Mgrdichian's prior falsification of a bill of sale. At a minimum, the evidence was probative of her knowledge, intent, and lack of mistake. *See Romero*, 282 F.3d at 688. The district court's limiting instruction minimized any prejudicial impact. *See id.*, n. 1.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.